IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Torledo Wall, *an individual, Pro Se*, <br><br> Plaintiff, <br><br> v. <br><br> Richland Library; Comprise Technologies, Inc.; Richland Library Sandhills; Richland Library and Friends Foundation, *a Government Non-profit Organization*; John Sell, *an individual and in his official capacity*; and Melanie Huggins, *in her individual and official capacity*, <br><br> Defendants. | Case No.: 3:25-cv-12952-JDA-SVH <br><br> **OPINION AND ORDER** |

This matter comes before the court on Plaintiff Torledo Wall's motions to remand the above-captioned action to state court [Doc. 7] and to amend complaint [Doc. 8] and the accompanying response filed by Defendants Richland Library, Richland Library Sandhills, John Sell, and Melanie Huggins ("Defendants") [Doc. 9].[1]

**BACKGROUND**

Plaintiff filed his first Complaint against Defendants on September 12, 2025, in the South Carolina Court of Common Pleas for Richland County and filed his First Amended Complaint in state court on September 15, 2025. [Docs. 1-1; 1-2.] Plaintiff alleges he sustained mental damages when he was suspended from using services provided by Richland Library for a period of thirty (30) days. [Doc. 1-1.] Plaintiff's causes of action in the foregoing Complaints were as follows: negligence/gross negligence as to all

---

[1] Not all defendants have made an appearance. For purposes of this order, "Defendants" refers to defendants who have made an appearance.

Defendants; defamation/slander as to John Sell and Richland Library; intentional infliction of emotional distress as to all defendants; civil conspiracy as to all defendants; products liability as to Comprise Technology, Inc.; and a §1983 Civil Rights Violation.  [*Id.* ¶¶ 40–64.]  Regarding the § 1983 claim, Plaintiff alleges that "Defendants, under color of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution" and "[t]hese actions constituted unlawful racial discrimination and denial of equal protection."  [*Id.* ¶¶ 62, 64].

Defendants filed a notice of removal on October 13, 2025, premised upon the 42 U.S.C. §1983 cause of action and the resulting federal court jurisdiction pursuant to 28 U.S.C. §1331.  [Doc. 1.]  Plaintiff filed a subsequent motion to remand to state court and a motion to file a Second Amended Complaint, both on October 21, 2025.  [Docs. 7; 8.]  The proposed Second Amended Complaint removes the 42 U.S.C. §1983 cause of action and maintains only the causes of action arising under South Carolina law, as detailed in Plaintiff's motion to remand to state court.  [Docs. 7; 8.]  Defendants filed a response with this Court in which they consent to the remand on the basis of the removal of the 42 U.S.C. §1983 cause of action.  [Doc. 9.]

## DISCUSSION

It is permissible for a plaintiff to dismiss his federal claims or amend the complaint to remove federal claims and seek remand.  *See* 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013).  Although the court retains supplemental jurisdiction of state law claims that form part of the same case or controversy as the federal claims, "[a]s a practical matter . . . many district judges will exercise their discretion under the supplemental jurisdiction statute and dismiss the remaining claims."  *Id.*; *see also* 28

U.S.C. § 1367(c). Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *United States ex rel. Scott v. Metro. Health Corp.*, 375 F. Supp. 2d 626, 647 (W.D. Mich. 2005) ("[T]he strong federal custom . . . has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative."); *see also AJP Grp., Inc. v. Holmes*, C/A No. 4:13-611-RBH, 2013 WL 3148416, at *2 (D.S.C. June 18, 2013) ("Given that Plaintiff's Complaint states no federal cause of action, the Court finds that the case should be remanded."); *Morris v. Joe Gibson Auto., Inc.*, C/A No. 7:08-1739-HMH, 2008 WL 2705000 (D.S.C. July 9, 2008) (granting the plaintiff's motion to amend to remove the sole federal claim, and granting the plaintiff's motion to remand).

Here, the Court grants Plaintiff's motion to amend to remove his federal claim. Further, the Court declines to exercise supplemental jurisdiction and grants Plaintiff's motion to remand without opposition by Defendants.

## **CONCLUSION**

Accordingly, Plaintiff's motions to amend and to remand [Docs. 7; 8] are GRANTED. This matter is REMANDED to the Court of Common Pleas for the County of Richland, South Carolina.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

October 31, 2025
Columbia, South Carolina